UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 12-50107 –JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | DEFENDANT BALD EAGLE'S |
| | ) | SENTENCING |
| | ) | MEMORANDUM |
| DIANA BALD EAGLE, | ) | |
| | ) | |
| Defendant. | ) | |

Comes now Defendant, Diana Bald Eagle, by and through her attorney, Lorie D. Melone, and respectfully moves this Honorable Court for a variance and downward departure of the guidelines to provide a sentence below the range recommended in the Presentence Investigation Report (PSR). Diana Bald Eagle files this Motion and Memorandum in support of her specific sentencing request. This Memorandum is made pursuant to 18 U.S.C. 3553(a) and the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). The following facts, arguments and authorities are respectfully submitted in order to provide information to assist the Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. 3553(a). Defendant is requesting placement in the Bureau of Prisons Drug and Alcohol Treatment and for a sentence not to exceed 72 months.

FACTS

A. Offense Related Facts.

From August 2009 and continuing on and off until the Superseding Indictment, in and around the Pine Ridge Indian Reservation in South Dakota, Diana conspired and agreed

with other persons, including Robert Provincial, Clinton Provincial, Shawna Provincial and Shy Bettelyoun to distribute 50 grams, but less than 200 grams of methamphetamine.

B. General Facts about Defendant.

Diana Bald Eagle is a 39 year old Native American female who was born in Rapid City, South Dakota. Ms. Bald Eagle's parents married after she turned two (2) years old, and after nine (9) years of marriage her parents separated. She has five siblings. She is the only daughter. Diana witnessed excessive drinking and domestic violence in her home as a child. She began drinking at 13.

Once her parents separated, Ms. Bald Eagle's Aunt, Martha Provincial took on the role of her primary caregiver. In 1989, Diana moved to Salt Lake City, Utah with her Aunt Martha Provincial and became baptized into the Mormon Church. Salt Lake City became her residence and she did not return to South Dakota for almost a decade. However, Diana's now only role model, Aunt Martha Provincial, stabbed and killed her husband in self-defense. Diana Bald Eagle, at age 15 was an eye witness and testified at the trial. Martha Provincial was acquitted.

One year later, Ms. Bald Eagle was stabbed by older girls in her neighborhood and spent two (2) weeks in the hospital. From 1992-1994 she began using alcohol as a coping mechanism. She was out on the streets and began solicitation. In 1994 she was ordered to attend drug treatment. Her life had reached such chaos between drinking and prostitution she could not see a way out.

She became a mother at the age of 19 years old. She was first introduced to cocaine by her children's father, Raul Miramontes. However, her alcoholism continued to escalate causing further contacts with law enforcement and an inability to care for her

children. A lifestyle of prostitution, drinking and drugs became her solution from 1994-2000.  Her children were removed from her care and parental rights have been terminated. The State of Utah and the State of South Dakota have been involved in adjudicating the children abused and neglected.

In 2000, Ms. Bald Eagle's father was found deceased behind the Journey Museum in Rapid City, South Dakota. He froze to death while intoxicated.  She returned to Rapid City for a brief time after her father died.  While in Rapid City, she continued to utilize her only means of coping and was again in the cycle of drugs and alcohol.  She was convicted in Rapid City for misdemeanors from May 1, 2000 until November 3, 2000. From 2000-2004 she continued to suffer from alcoholism as demonstrated by additional misdemeanor offenses.

During that same timeframe she began selling and using drugs with her family, the Provincials. She remained in the Black Hills area and would also reside back in Salt Lake City.  She became involved, with her family, distributing drugs and was Indicted in 2004.  She was sentenced to three (3) years incarceration and five (5) years of supervision. Upon release from prison she was placed in a halfway house until March, 2007.  She was placed on supervised release for five (5) years until December 13, 2011.She was not forced to use multiple resources, such as substance abuse treatment, mental health counseling nor cognitive behavioral therapy.  She did not adjust to supervised release. Her prognosis was not good and there was no intervention by court services when she received a DUI during supervised release.  Attorney Melone is not stating that it anyone's fault, but Diana's for Diana's choices, however, drug or DUI court intervention may have helped.

Diana did not know an alternative way of life. She did not now an alternative group of people in which to associate. During the beginning of this second conspiracy with the same people, her family, she was working, paying rent, and attempting to regain contact with her children in Salt Lake City.

However, her son needed brain surgery. Diana returned to the only manner in which she knew to make money and cope with failures, prostitution and selling drugs. She began, again, without therapeutic intervention and drug treatment, to involve herself with drugs and selling drugs to pay bills. She felt she was in a hopeless situation.

The government has agreed to evaluate the extent and nature of Defendant's cooperation after sentencing and at an appropriate time, within one year of the date of the Defendant's sentence, may file a Motion pursuant to Rule 35(b) to reduce the Defendant's sentence to reflect substantial assistance.

**DISCUSSON.**

Departures from Guidelines are based on a three-step process. The original calculation of the sentencing range pursuant to the advisory Sentencing Guidelines and whether or not departure or variance is warranted are the first two steps. The third step is an analysis of factors to determine whether a guideline sentence is necessary to impose a reasonable sentence. See 18 USC Section 3553(a) and *US v. Francis*, 462 F3d 810, 814 (8th Cir. 2006). Because Ms. Bald Eagle is looking at a five year mandatory minimum sentence by statute for the Superseding Indictment she does not disagree with the Guideline calculations of the Presentence Report. The advisory guideline level is 26 and 21 USC Section 841(b)(1)(B) prevents a sentence below 60 months. Her criminal history score places her at 92 months. There are no downward Guideline departures or upward departures that can be applied by the Court at this time. There are no

grounds for downward or upward variances. Therefore, Ms. Bald Eagle is addressing the sentencing factors. The final step in determining Ms. Bald Eagle's sentence is the court's consideration of the sentencing factors identified at 18 USC 3553(a). The Court shall impose a sentence *sufficient, but not greater than necessary*.  The facts in this case support a 72 month sentence with drug treatment and counseling through the Bureau of Prisons.

**A.** **History and characteristics of the offender**.  Diana Bald Eagle was raised in alcoholism and abuse.  She started drinking at 13, witnessed a murder at 15, stabbed by others at 16. In both Indictments, she was selling drugs and using drugs with her family.  The cycle has continued. She would benefit from treatment and she requests that the Court recommend she receive treatment. She understands that the court does not have authority over the Bureau of Prisons and can only give a recommendation. If the Federal Court has a drug court program, she would request Drug Court.

**B.** **The nature and circumstances of the offense**. This is a serious offense and Ms. Bald Eagle understands the seriousness.  However, even the United States Attorney General acknowledges that long sentences for low-level, non-violent drug offenders do not promote public safety, deterrence or rehabilitation.   In this instant case, Diana's relevant conduct does not involve the use of violence, credible threat of violence, possession of a weapon, death or bodily injury. Diana's criminal history points, majority of which are primarily related to her alcoholism increased her criminal history points.  She expects the Court to punish her for re-offending, however, asks the Court to consider that the nature of both Indictments connect to a disease of addiction.

**C.** **Deterrence and protection of the public**. Public safety is not served by extended incarceration for drug offenders without intervention and a strict supervised release.

Diana demonstrated acceptance of responsibility and has demonstrated her willingness to assist. She asks the Court to avoid imposing a sentence longer than necessary to focus on treatment and rehabilitation by sentencing her to 72 months with 5 years of supervised release mandating continued outpatient treatment and relapse prevention.

**D. Payment of Restitution**. Restitution is not an issue in this case and Ms. Bald Eagle has very limited resources to pay a fine.

**SENTENCING REQUEST.**

Ms. Bald Eagle is requesting the Court punish her to meet the crime. She was convicted previously and received three (3) years. She understands that the court will impose more punishment for this re-offense. She is asking the court impose a sentence double of her last sentence which is less than the suggested guideline range but fits the crime. She is asking the court impose 72 months or 6 years plus supervised release and a placement in the Bureau of Prisons Drug Treatment program.

Dated this the 19th day of November, 2013.

//s//  *Lorie D. Melone*
Attorney for Diana Bald Eagle
1107 Mt. Rushmore Road, Suite 3A
Rapid City, SD 57701
605-791-4950

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of November, 2013, a true and correct copy of the foregoing Sentencing Memorandum was served upon the following person, by placing the same in the service indicated, addressed as follows:

Ted McBride                               [ ] U.S Mail

| | |
|---|---|
| Assistant U.S. Attorney | [ ] Hand Delivery |
| United States Courthouse | [ ] Facsimile |
| 515 Ninth Street | [ ] Federal Express |
| Rapid City, SD 57701 | [ x ] Electronic Case Filing |

                                                                  //s____*Lorie D. Melone*___